M. N. COTTLE & another *vs.* JOSEPH CLEAVES.

Franklin. Opinion October 10, 1879.

*Promissory note.    Intoxicating liquor.    Practice.*

When in an action by an indorsee against the maker of a negotiable promissory note, the defendant has proved that the note was given for intoxicating liquor sold in violation of law, the plaintiff cannot recover until he shows that he was a holder for a valuable consideration without notice of the illegality of the contract.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note for the payment of $88.75, dated at Boston, Mass., February 3, 1877, payable on time to William Smith or order, at the Sandy River National Bank, Farmington,

Maine, and indorsed by Smith to Maverick National Bank, Boston, and by that bank to the plaintiffs.

The note was duly protested.

The action was tried by the presiding justice, without a jury, who found that the note was given for intoxicating liquors sold by the payee to the defendant in this state without legal authority.

The plaintiff introduced no evidence and the presiding justice ordered judgment for the defendant and the plaintiff alleged exceptions.

*H. L. Whitcomb,* for the plaintiff.

*J. H. Thompson,* for the defendant.

VIRGIN, J. When a persons sells intoxicating liquor, in this state, in violation of the provisions of R. S., c. 27, § 22, and receives therefor the negotiable promissory note of the purchaser, the seller can maintain no action thereon in his own name against the will of the maker; for R. S., c. 27, § 50, provides that "no action shall be maintained upon a promissory note given for intoxicating liquor sold in violation of the provisions of this chapter," unless the plaintiff be a "holder for a valuable consideration and without notice of the illegality of the contract."

But the owner of a negotiable promissory note indorsed in blank may bring an action thereon in the name of any person who consents thereto. *Patten* v. *Moses,* 49 Maine, 255. *Demuth* v. *Cutler,* 50 Maine, 298. Therefore when the seller of intoxicating liquor takes the note of his purchaser, "it is presumed," says Parke, B., in *Bailey* v. *Bidwell,* 12 Mees. & W. 73, 76, "that he would dispose of it and place it in the hands of another person to sue upon it;" and for this reason, when an action is brought against the maker of a note by an indorsee, and at the trial the defendant proves that it was given for liquor sold in this state in violation of law, the plaintiff cannot recover, until it is made to appear that he is a "holder for a valuable consideration and without notice of the illegality of the contract." *Baxter* v. *Ellis,* 57 Maine, 178. *Field* v. *Tibbetts,* 57 Maine, 358. *Hapgood* v. *Needham,* 59 Maine, 442. *Swett* v. *Hooper,* 62 Maine, 54.

In the case at bar it was proved that the note was given for

liquor sold in violation of the statute, but there was no evidence that the plaintiff was a "holder for a valuable consideration," etc.

*Exceptions overruled.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.